UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DARRYL SHEPPARD,

       Plaintiff,

   -against-

NEW YORK STATE DIVISION OF PAROLE,
DAVID A. PATERSON, Governor, ANDREA
EVANS, Chairwoman, J. FERGUSON,
Commissioner, DEBRA LOOMIS, Commissioner,
H. LEMONS, Commissioner, I. MACHADO, Parole
Officer II, S. KOSHY, Parole Officer I, Individually
and in their official capacities.

       Defendants.
------------------------------------------------------------x

10 Civ. 5376 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

  *Pro se* plaintiff Darryl Sheppard brings this action pursuant to 42 U.S.C. § 1983 based on alleged violations of his Eighth Amendment and Fourteenth Amendment rights arising out of his parole proceedings. Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim. Because Sheppard has failed to state a federal claim, defendants' motion is granted.

## I.  BACKGROUND

  The following facts are taken from plaintiff's complaint and are assumed to be true for the purpose of this motion.

### A. Parties

  Sheppard is an inmate in the custody of the State of New York at Green Haven Correctional Facility. (Compl. ¶ 3.) At the time Sheppard filed his complaint, defendant David Paterson was the Governor of New York; defendant Andrea Evans was the chair of defendant

1

New York State Division of Parole ("DOP"); defendants J. Ferguson, Debra Loomis, and H. Lemons were DOP commissioners; and defendants I. Machado and S. Koshy were parole officers at Green Haven. (*Id.* ¶¶ 4-10.)

### B. Denial of Parole

Sheppard became eligible for parole in 1998. (*Id.* ¶ 12.) He appeared before the New York State Board of Parole that year and again in 2000, 2002, 2004, and 2006. Each time, the Board denied him parole. (*Id.* ¶¶ 13-17.) Sheppard appealed from the Board's 2006 decision and won a *de novo* hearing on the ground that the Board had failed to consider his sentencing minutes. (*Id.* ¶ 19; *see* Statement of Appeals Unit Findings & Recommendation dated Nov. 13, 2007, attached to Compl.)

Sheppard claims that he never received a *de novo* hearing pursuant to the Appeals Unit's recommendation because of conflicts of interest involving two DOP commissioners—defendants Ferguson and Loomis—who both sat on the 2006 Parole Board panel that denied him release. The Parole Board postponed Sheppard's *de novo* hearing three times: twice in recognition that Ferguson was improperly slated to participate in the new hearing, and once due to a pending misbehavior report against Sheppard. (Compl. ¶¶ 21-22.) Eventually, a hearing took place on May 20, 2008. (*Id.* ¶ 23.) During this hearing, which was led by Commissioner Lemons, Ferguson entered the room and took a seat out of Sheppard's line of sight. (*Id.* ¶ 24.) Plaintiff alleges that after the hearing concluded and plaintiff exited the room, Ferguson had a discussion with Lemons and the other commissioner responsible for deciding Sheppard's case. (*Id.* ¶ 26.) According to plaintiff, this *ex parte* discussion resulted in a determination that he should be denied parole. (*Id.*)

Plaintiff appealed the adverse parole decision. (*Id.* ¶ 27.) In September 2009, an appeals unit, which included Commissioner Loomis, affirmed the Board's decision from the May 2008 hearing. (*Id.* ¶ 32.) Since then, Sheppard has refused to participate in scheduled reappearances before the board. (*Id.* ¶¶ 31, 34-35, 41.) Parole officers Koshy and Macahdo have sent plaintiff verbal messages, which he perceives as threatening, that Ferguson would be the DOP commissioner in charge of his future parole hearings. (*Id.* ¶¶ 36-40.) Plaintiff has written a letter to Governor Paterson complaining about his experience with the Parole Board but has not received a response. (*Id.* ¶ 19.)

C. This Action

Sheppard commenced this action in June 2010 pursuant to 42 U.S.C. § 1983. He alleges that defendants' failure to provide him with a fair and impartial *de novo* hearing deprived him of the due process rights guaranteed by the Fourteenth Amendment to the United States Constitution. He further alleges that defendants' denial of parole constitutes cruel and unusual punishment under the Eighth Amendment. Sheppard seeks monetary damages and injunctive relief. As noted, defendants have moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim.

II. DISCUSSION

A. Legal Standards

On a Rule 12(b)(1) or 12(b)(6) motion to dismiss a complaint, a court assumes the truth of all facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff. *See Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008); *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006); *S.E.C. v. Lyon*, 529 F. Supp. 2d 444, 449 (S.D.N.Y. 2007). Where, as here, a plaintiff proceeds *pro se*, the court has a

3

special obligation to construe the pleadings liberally, reading them to raise "the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citation and quotation marks omitted). A claim is properly dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). For a claim to be plausible, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, if a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.*

B. Application

To state a claim pursuant to section 1983, a plaintiff must show (1) the deprivation of rights, privileges, or immunities secured by the constitution and laws of the United States (2) by a person acting under color of state law. 42 U.S.C. § 1983. There is no dispute that all defendants here acted under color of state law.[1] The issue is whether Sheppard has adequately alleged a deprivation of rights secured by the constitution and laws of the United States.

*1. Due Process Claim*

Sheppard claims that defendants' failure to afford him a fair and impartial *de novo* hearing following his appeal from the Parole Board's 2006 decision violates his Fourteenth Amendment due process rights. Specifically, Sheppard alleges that because Commissioners

---

[1] The Court notes at the outset, however, that Sheppard's section 1983 claims against DOP, a state agency which has not consented to be sued in federal court, is barred by the Eleventh Amendment. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Spencer v. Doe*, 139 F.3d 107, 111 (2d Cir. 1998). Accordingly, any claims against DOP must be dismissed.

4

Ferguson and Loomis both participated in the 2006 decision from which he appealed, their respective roles in the resolution of his appeal created a conflict of interest prohibited by New York Executive Law § 259-i(4)(a). That statute provides that "[a]ny board member who participated in the decision from which the appeal is taken may not participate in the resolution of that appeal." N.Y. Exec. Law § 259-i(4)(a). Taking as true plaintiff's allegation that Ferguson and Loomis participated in the resolution of his appeal, the question remains whether this conduct, which would run afoul of a state-law procedural requirement, gives rise to a federal claim actionable under section 1983.

Prisoners in New York do not have a constitutional right to parole. *See Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001) ("[P]laintiffs have no liberty interest in parole."); *Mathie v. Dennison*, No. 06 Civ. 3184, 2007 WL 2351072, at *6 (S.D.N.Y. Aug. 16, 2007). "[B]ecause [] New York law does not create a liberty interest in parole, [a prisoner's] due process rights extend only to a refusal by the Parole Board to deny release arbitrarily or capriciously, based on inappropriate consideration of a protected classification or an irrational distinction, or on any other unconstitutional grounds." *Morel v. Thomas*, No. 02 Civ. 9622, 2003 WL 21488017, at *4 (S.D.N.Y. June 26, 2003); *see also McLaurin v. Patterson*, No. 07 Civ. 3482, 2008 WL 3402304, at *11 (S.D.N.Y. Aug. 11, 2008). "Although a Due Process Clause liberty interest may be grounded in state law that places substantive limits on the authority of state officials, no comparable entitlement can derive from a statute that merely establishes procedural requirements." *Gomez v. Alexander*, No 08 Civ. 8800, 2010 WL 1257331, at *6-7 (S.D.N.Y. Mar. 24, 2010) (quoting *Cofone v. Manson*, 594 F.2d 934, 938 (2d Cir. 1979)); *see also Gordon v. Alexander*, 592 F. Supp. 2d 644, 650 (S.D.N.Y. 2009) ("[S]tate statutes do not create federally protected due process entitlements to specific state-mandated procedures." (citing *Holcomb v.*

*Lykens*, 337 F.3d 217, 224 (2d Cir. 2003))). If judicial review of a parole determination is appropriate, "such review is generally a matter for the state courts." *Mathie*, 2007 WL 2351072 at *6 (citing N.Y. C.P.L.R. § 7801)); *cf. Siao-Pao v. Mazzuca*, 442 F. Supp. 2d 148, 155 (S.D.N.Y. 2006) ("[W]hether the Parole Board fully complied with New York law is a question for the New York courts to determine.").

Here, Sheppard does not allege any facts to support a finding that he was denied release arbitrarily or capriciously, without consideration of factors set forth by New York law or without a statement of reasons. Nor does he allege any facts to support a finding that he was denied release because of an inappropriate consideration such as his membership in a protected class. Rather, he claims that certain defendants who participated in the original decision to deny him parole influenced the resolution of his appeal from that decision. This procedural defect, by itself, "does not render the overall decision on the merits arbitrary or capricious" or otherwise unconstitutional. *Villalobos v. N.Y. State Div. of Parole*, No. 09 Civ. 8431, 2010 WL 3528926, at *3 (S.D.N.Y. Aug. 23, 2010); *see Gomez*, 2010 WL 1257331, at *7; *see also Schwartz v. Dennison*, 518 F. Supp. 2d 560, 573 (S.D.N.Y. 2007) ("[A]n opportunity to be heard and a statement of the reasons for denial of parole 'affords [all] the process that is due' where a parole statute creates a protected liberty interest." (citing *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 16 (1979)).

Indeed, the very purpose of the *de novo* hearing that Sheppard maintains he never meaningfully received was to remedy the Parole Board's initial failure to consider his sentencing minutes. Yet courts in this district have specifically held that "no due process violation [occurs] where defendants did not obtain or consider a prisoner's sentencing minutes before denying parole release." *Villalobos*, 2010 WL 3528926 at *3; *Germenis v. N.Y. State Dep't. of Corr.*

*Servs.*, No. 08 Civ. 8968, 2009 WL 2877646, at *4 (S.D.N.Y. Sept. 9, 2009) (Such "state law procedural failures . . . are precisely the sort of matters that courts have found to present no cognizable constitutional claim.")); *cf. Boddie v. N.Y. State Div. of Parole*, 285 F. Supp. 2d 421, 429-30 (S.D.N.Y. 2003) (Parole Board's use of uncorrected pre-sentence report does not violate due process). Because Sheppard simply alleges a violation of state procedural law, he "conflates a potential state law claim with a non-existent constitutional claim," *Mathie*, 2007 WL 2351072, at *7. Sheppard's Fourteenth Amendment due process claim is therefore dismissed.

### 2. *Cruel and Unusual Punishment Claim*

Sheppard further contends that defendants exhibited "willful and deliberate indifference" that constitutes cruel and unusual punishment in violation of the Eighth Amendment. However, the mere fact that he has been denied parole does not violate any provision of the Constitution, *see Barna v. Travis*, 239 F.3d at 171, much less the Eighth Amendment, *see Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999) (Eighth Amendment prohibits "unnecessary and wanton infliction of pain" that is "sufficiently serious"). Nor do verbal threats by parole officers violate the Constitution. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998). The complaint contains no other facts to support plaintiff's wholly conclusory—and implausible—allegation of cruel and unusual punishment. Accordingly, Sheppard's Eighth Amendment claim fails.[2]

---

[2] The Court takes note of additional defects in plaintiff's complaint. The complaint fails to allege the individual involvement of defendant Paterson or defendant Evans in any of the alleged constitutional deprivations. Lack of personal involvement would itself be a basis for granting the motion to dismiss plaintiff's claims for money damages against those defendants. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (personal involvement is a "prerequisite to an award of damages under § 1983"). Moreover, "parole board officials, like judges, are entitled to absolute immunity from suit for damages [and injunctive relief] when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole." *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). Thus, the DOP commissioner defendants who denied Sheppard parole may be entitled to absolute immunity.

7

## III.  CONCLUSION

Because plaintiff has failed to state any claim arising under federal law, the complaint should be dismissed. In addition, this Court declines to exercise jurisdiction over plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998). Defendants' motion to dismiss the complaint is therefore granted.

Dated: New York, New York
       June 28, 2011

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.